NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1464

_____

RAIDERY JOSE HERNANDEZ CARABALLO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

ON PETITION FOR REVIEW OF A
DECISION OF THE BOARD OF IMMIGRATION APPEALS
Immigration Judge: Walter A. Durling
(A061-491-327)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 13, 2018

_____

Before: GREENAWAY, JR., SHWARTZ and BIBAS, *Circuit Judges*.

(Opinion Filed: February 28, 2019)

_____

OPINION*

_____

_____

     * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Petitioner Raidery Caraballo appeals from a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision of an Immigration Judge ("IJ") finding him removable. The IJ found that, due to his conviction in Pennsylvania for possession of heroin, Caraballo was removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i).[1] For the reasons set forth below, we will deny his petition for review.

Caraballo is a citizen of the Dominican Republic who entered the United States as a lawful permanent resident in 2011. Based on his plea to a violation of 35 PA. STAT. AND CONS. STAT. ANN. § 780-113(a)(16),[2] he was served with a Notice to Appear on January 3, 2017, charging him as removable under 8 U.S.C. § 1227(a)(2)(B)(i). Before the IJ, Caraballo filed a motion to terminate removal, arguing that the Government's evidence did not establish what controlled substance Caraballo was convicted of possessing. The IJ denied that motion. Caraballo then filed an application for asylum,

---

[1] In pertinent part, 8 U.S.C. § 1227(a)(2)(B)(i) provides that "[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." Heroin is a controlled substance pursuant to 21 U.S.C. § 802.

[2] Section 780-113(a)(16) prohibits "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act." 35 PA. STAT. AND CONS. STAT. ANN. § 780-113(a)(16).

which he later voluntarily withdrew.  Before his merits hearing, Caraballo filed a motion

for a continuance in order to challenge his conviction in a Post-Conviction Relief Act

proceeding.  The IJ denied that motion and entered an order of removal.

Caraballo sought review before the BIA, where he challenged the denial of his

motions to terminate and for a continuance.  The BIA found no error in the IJ's decision

to deny the continuance[3] and dismissed on the merits, agreeing with the IJ that the

conviction records established that Caraballo pleaded guilty to possession of heroin[4] in

violation of § 1227(a)(2)(B)(i), and was therefore removable. Caraballo then filed a

petition for review before this Court.

We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review legal

determinations de novo and findings of fact for substantial evidence.  *Briseno-Flores v.*

*Att'y Gen.*, 492 F.3d 226, 228 (3d Cir. 2007).  When the BIA issues a separate opinion,

we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA

deferred to it.  *Chavarria v. Gonzalez,* 446 F.3d 508, 515 (3d Cir. 2006).

Caraballo raises two arguments before us.  First, he asserts that the BIA violated 8

---

[3] Caraballo does not challenge that decision before us.

[4] In its opinion, the BIA indicated that the conviction records, including the information and sentencing sheet, "clearly indicate[d] that the respondent pled guilty to possession of heroin," and that it was "satisfied that the respondent [was] removable for having been convicted . . . of a controlled substance offense under section 237(a)(2)(B)(i) of the Immigration and Nationality Act." A.R. 3.  The BIA further noted that "[i]t is undisputed that heroin is a controlled substance under the Federal Controlled Substances Act. As such, the respondent was properly found removable as charged." *Id.*

C.F.R. § 1003.1(e)(4) by not issuing an appropriate opinion in dismissing his appeal. Second, he argues that the BIA and IJ erred in relying on the criminal information in order to determine that he was convicted of a controlled substance offense.

Caraballo's argument that the BIA violated 8 C.F.R. § 1003.1(e)(4) by affirming the IJ's decision "without reasoning" borders on frivolous. Appellant's Br. at 12. As an initial matter, the argument mischaracterizes the regulation and its application here. Section 1003.1(e)(4) permits the BIA to affirm an IJ's decision without opinion and provides mandatory language to be used in doing so. Here, the BIA did not invoke that option, instead issuing an opinion of its own. Therefore, § 1003.1(e)(4) does not apply. Caraballo's disagreement with the BIA's reasoning does not transform the opinion into an order. We will therefore deny Caraballo's petition with regard to this argument.

Asserting that his Pennsylvania crime of conviction is broader than the corresponding federal offense, Caraballo next argues that the IJ and BIA considered inappropriate documents when they used the modified categorical approach to determine that his conviction for a violation of 35 PA. STAT. AND CONS. STAT. ANN. § 780-113(a)(16) satisfied the requirements of 8 U.S.C. § 1227(a)(2)(B)(i). In determining whether a state offense satisfies the criteria set forth in the federal immigration statutes, courts must determine if the state offense proscribes conduct identified in the immigration statutes. *Singh v. Att'y Gen.*, 839 F.3d 273, 278 (3d Cir. 2016). In making this comparison, "we generally employ a 'categorical approach' to the underlying statute of conviction . . . 'focus[ing] solely on whether the elements of the crime of conviction

sufficiently match the elements of [the] generic [federal offense], while ignoring the particular facts of the case.'" *Id.* (internal citation omitted) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016)). When the state statute defines multiple crimes, we apply a modified categorical approach, in which we consider various factors beyond the language of the statute, such as "the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea." *Id.* at 278-79 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (internal quotation marks omitted)).

Although we have never determined in a precedential opinion whether § 780-113(a)(16) is divisible and thus subject to the modified categorical approach analysis,[5] Caraballo does not raise that issue before us. Relying on *Matter of Ayala-Cuevas*, A72-752-372, 2003 WL 23216901 (BIA Oct. 2, 2003), he accepts the BIA's use of the modified categorical approach. Instead, Caraballo focuses his argument on his assertion that the documents relied upon by the IJ and BIA in reaching their decisions were inappropriate. Specifically, relying on *Moncrieffe v. Holder*, he argues that "[t]he information, or charging document, cannot be used to establish the conviction in the case of a guilty plea." Appellant's Br. 19. This argument misstates the guidance provided by *Moncrieffe*. As we recognized in *Singh*, rather than prohibiting consideration of the charging document, the Court in *Moncrieffe* acknowledged that use of a plea agreement,

---

[5] Parenthetically, we have, however, reached this conclusion in a not precedential opinion. *Espinoza v. Att'y Gen.*, 742 F. App'x 666 (3d Cir. 2018).

in addition to a charging document, was appropriate. *Singh*, 839 F.3d at 279.

In applying the modified categorical approach here, the IJ and the BIA relied upon the criminal information, which, in Count One, charged Caraballo with "possess[ion] of a controlled substance to wit: HEROIN," in violation of § 780-113(a)(16). A.R. 252. Caraballo signed the information, acknowledging that he was pleading "Guilty to Count One only." *Id.* We agree with the IJ and BIA that the criminal information, signed by Caraballo acknowledging his plea to Count One, is an appropriate basis for concluding that Caraballo committed an offense involving heroin, a controlled substance pursuant to 21 U.S.C. § 802(6).[6] This offense renders Caraballo removable under § 1227(a)(2)(B)(i).

Caraballo also argues that the criminal complaint that preceded his criminal information did not specify the substance that he was convicted of possessing. Since the criminal complaint here was "superseded by the criminal information" and is therefore "not the relevant charging document," *Evanson v. Att'y Gen.*, 550 F.3d 284, 293 n.7 (3d Cir. 2008), this argument must fail.

For the foregoing reasons, we will deny the petition for review.

---

[6] In addition to consideration of the signed criminal information being permissible under our case law, we also find that consideration of this document is appropriate pursuant to 8 C.F.R. § 1003.41(d), as a form of "[a]ny other evidence that reasonably indicates the existence of a criminal conviction."